Weygandt, C. J.
If the defendant is correct in either of his contentions, the judgment of the Court of Appeals must be reversed and that of the Court of Common Pleas affirmed.
At the beginning of the trial and again at the conclusion of the plaintiff’s evidence, the defendant renewed his original objection to the permission granted to the corporation to be substituted as the party plaintiff.
*514 In Section 11239, General Code (Section 2307.03, Revised Code), it is provided:
“In every civil action the party complaining shall be known as the plaintiff and the adverse party as the defendant. The title of a cause shall not be changed in any of its stages.”
The Court of Appeals expressed the view that the caption of the cause should remain unchanged although the original party plaintiff Oetzel disappeared therefrom and the corporation was substituted in his stead.
Reliance was placed on the following provisions of Section 11363, General Code (Section 2309.58, Revised Code):
“Before or after judgment, in furtherance of justice and on such terms as it deems proper, the court may amend any pleading, process, or proceeding, by adding or striking out the name of any party, or by correcting a mistake in the name of a party * * * when the amendment does not substantially change the claim or defense * * *.”
Likewise cited were the decisions of this court in the cases of Lake Shore & Michigan Southern Ry. Co. v. City of Elyria, 69 Ohio St., 414, 69 N. E., 738, and Van Camp v. McCulley, Trustee, 89 Ohio St., 1, 104 N. E., 1004. However, a study of the facts in those cases discloses their inapplicability to the instant, situation. In the opinion in the Elyria case appears the following pertinent comment:
“This case presents a very fair illustration of the proper exercise of such authority. While the suit was instituted with the title of ‘Frank M. Stevens, as City Solicitor of the City of Elyria, and as a taxpayer,’ it was so instituted on behalf of the city of Elyria as the real party in interest, and an inspection of the original petition shows that the facts alleged are facts in which the city alone is interested, as a trustee of *515 the public. The relief sought is relief in the interest of the city. Stevens, as solicitor and taxpayer, sought no personal relief, and it is doubtful whether, in fact, there has been any material change in the title .of the cause of action. The city of Elyria appeared in the title as the real party in interest, and it so appeared in the averments of the petition. The cause of action was not changed, and all its substance remained after the so-called substitution, except the elimination therefrom of such words as the name of the solicitor and taxpayer where they occurred, and averments connecting them with the cause of action. The case was finally tried on the same cause of action, stripped of the unnecessary incumbrance first thrown around it.”
The Van Gamp case was an action instituted by a creditor of an insolvent corporation on behalf of himself and other creditors to compel payment of money due on unpaid stock subscriptions. During the pendency of the action, a trustee in bankruptcy was appointed. The court then simply permitted the trustee to be substituted for the original plaintiff for the purpose of prosecuting the action to its conclusion.
The authority of a court to permit such amendments is not unlimited. As summarized in 39 American Jurisprudence, 967, Section 99, the two tests ordinarily applied are, first, whether the same evidence will support both petitions, and, second, whether the same measure of damages will apply to both.
In the instant case the trial court did not merely strike out one of a number of parties plaintiff or add a new party thereto. Instead, the court struck out the only original party plaintiff and substituted another. Furthermore, the original party plaintiff had no interest in the claim for damage to the automobile, and the new corporate party plaintiff, of course, had no interest in the claim for personal injuries or the claim for damage to the clothing of the original party plaintiff. The difference in the claims of the two parties *516 is illustrated by the fact that in his petition the first plaintiff asked damages in the sum of $5,000, while the corporate plaintiff asked $2,000. Hence, the Court of Appeals was in error in holding a substitution proper under these circumstances.
The judgment of the Court of Appeals is reversed and that of the Court of Common Pleas affirmed.

Judgment reversed.

Matthias, Hart, Zimmerman, Stewart and Bell, JJ., concur.